CERECEDO, DEMANDANTE Y APELANTE, *v.* MEDINA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre nulidad de venta de bienes inmuebles y otros extremos.

No. 1992.—Resuelto en julio 31, 1919.

ALEGACIONES—EVIDENCIA—PRUEBAS.—La disposición del artículo 119 del Código de Enjuiciamiento Civil de que cuando se entable una acción fundada en un documento y la demanda contenga copia del mismo, o ésta vaya unida a ella, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidas, a menos que se jure la contestación negando dicha autenticidad, se refiere generalmente, si no siempre, a un documento por escrito que tiene por objeto obligar al demandado, por lo que no puede entenderse en el sentido de permitir que el demandante pueda eludir la Ley de Evidencia y probar su caso acompañando a la demanda un documento claramente inadmisible y sin presentarlo como prueba.

CERTIFICACIONES NEGATIVAS—PRUEBA TESTIFICAL.—La certificación negativa de un funcionario no constituye prueba a menos de que así lo declare el estatuto, de que en los récords a su cargo no aparece determinado hecho, y se ha sostenido que tal prueba negativa hace necesaria prueba testifical bajo juramento de que se ha hecho un examen y de los resultados del mismo.

EVIDENCIA—DISCRECIÓN JUDICIAL PARA PERMITIR EVIDENCIA DE HECHOS ACCESORIOS.—Aunque según el artículo 34 de la Ley de Evidencia, ésta deberá corresponder a las alegaciones y ser pertinente a la cuestión que se ventila, queda, sin embargo, según el mismo artículo, a arbitrio del tribunal, el permitir la investigación de un hecho accesorio que sea pertinente.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Guillermo H. Moscoso y Luis Méndez Bas.*

Abogados de los apelados: *Sres. Benet & Suffront y Rodolfo Ramírez Vigo.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Apela el demandante de una sentencia que declara sin lugar la demanda presentada en este caso para que se declare nula una escritura de venta de cierta finca para pago de contribuciones y su inscripción en el registro de la propiedad cancelando una hipoteca y alega como errores los siguientes:

*Primero.* Infracción del artículo 315 del Código Político.

*Segundo.* Infracción de los artículos 44, caso I, 45, 69, caso VI y 74 de la Ley de Evidencia y sus concordantes los 1184 y 1186 del Código Civil.

*Tercero.* Infracción del artículo 3, caso IV, de la Ley de Evidencia, en relación con el 34 de la propia ley, al admitir la corte inferior como prueba la escritura de 3 de agosto de 1911, por la que don Agustín Hernández vendió a Genaro Candelario determinados bienes inmuebles, y al admitir los diferentes pagarés citados en dicha escritura.

El artículo 315 del Código Político dispone, entre otros particulares, que—

"* * * en todos los casos en que se embargaren y vendieren bienes raíces para el pago de contribuciones el Tesorero de Puerto Rico notificará la inscripción de dicha venta a todas las personas que tuvieren una hipoteca o gravamen sobre dicha propiedad, consignando en la notificación la fecha de la venta, la suma en que se hubiere vendido la propiedad y los demás datos que estimare oportunos."

Se dice que se acompañó a la demanda como parte de la misma, una certificación expedida por el Tesorero de Puerto Rico creditiva entre otros extremos. de que de un examen de los autos del embargo y venta en cuestión aparecía que ciertos acreedores hipotecarios no habían sido notificados. El artículo 119 del Código de Enjuiciamiento Civil prescribe que—

"Cuando se entable una acción fundada en un documento, y la demanda contenga copia del mismo, o ésta vaya unida a ella, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidas, a menos que se jure la contestación negando dicha autenticidad."

El documento escrito a que se ha hecho referencia es generalmente, si no siempre, una obligación por escrito que tiene por objeto obligar al demandado. Todo lo demás que pudiera incluirse al texto citado no quiere decir que en una acción como la presente el demandante pueda eludir la Ley de Evidencia y probar su caso por medio de un documento

que por su faz es claramente inadmisible, sin estar obligado
a presentar tal documento como prueba, por el mero hecho
de agregar a su demanda la certificación negativa expedida
por un funcionario administrativo.

No existe en los autos nada que indique que semejante
cuestión hubiera sido sugerida durante el juicio.

La teoría en que parece basarse el segundo señalamiento
de error es que la corte inferior cometió error al negarse a
admitir esta certificación como prueba.

"Para probar un hecho que consta de autos sin presentarse los
autos mismos es necesario presentar una copia debidamente auten-
ticada de los autos o aquella parte de los mismos referente a los
hechos en cuestión. Una certificación expedida por un funcionario
público encargado por la ley de guardar registros públicos, relativa
a cualquier hecho que conste en los registros de su oficina o *respecto
a cualquier conclusión a que pueda él llegar de un examen de los
registros no es prueba competente,* a menos que así lo declare el
estatuto. *A fortiori* la facultad para expedir copias certificadas no
autoriza que se expida una certificación de hechos que no consten
en el récord o que hayan sido incluídos indebidamente en el mismo.
Por tanto, a falta de un estatuto, la *certificación negativa* de un
funcionario no constituirá prueba de que en los records no aparece
determinado hecho, y se dice que tal prueba negativa hace necesario
prueba testifical bajo juramento de que se ha hecho un examen y
de los resultados del mismo." 17 Cyc. 337.

El artículo 3 de la Ley de Evidencia simplemente define
tal ley como una colección general de reglas para ciertos fines
que se enumeran.

El artículo 34 de dicha ley prescribe lo siguiente:

"La evidencia deberá corresponder a las alegaciones esenciales,
y ser pertinente a la cuestión que se ventila. Queda, sin embargo,
a arbitrio del tribunal, permitir la investigación de un hecho acce-
sorio, siempre que éste estuviere directamente relacionado con la
cuestión en controversia y fuera necesario para su debida determi-
nación o afectase la credibilidad de un testigo."

El tercer señalamiento se basa en la regla general citada
en la frase con que empieza el artículo 34, y la actuación de

que se queja el apelante cae·de lleno. dentro de la excepción de tal regla que sigue inmediatamente. La alegación del apelante es que la escritura en cuestión en cuanto al demandante *constituía res inter alios acta.* Dentro de las circunstancia de este caso la máxima citada por el abogado de los apelados como contestación a esta sugestión es más aplicable. *Nec curia deficeret in justicia exhibenda.*

Los autos en conjunto no solamente no revelan que se haya cometido error alguno para que se revoque la sentencia, sino que demuestran por el contrario que la conclusión a que llegó el juez sentenciador era razonable y justa, debiendo confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

El Juez Asociado Sr. Aldrey firmó conforme con la sentencia.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.