Francisco González Díaz, demandante y apelado, *v.* Antero Rivera y Luis Chevremont, demandados y apelantes.

No. 5089.—*Sometido:* Abril 3, 1930. *Resuelto:* Mayo 22, 1931.

314

L. *Méndez Vaz*, abogado de los apelantes; *Feliú & La Costa*, abogados del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Francisco González Díaz, demandó, ante la Corte de Distrito de San Juan, a Antero Rivera y Luis Chevremont, para cobro de $2,456.85 que alegó se le debían por razón de un contrato de suministro de leche de vacas a Antero Rivera, de cuyo contrato era fiador solidario Chevremont.

Los demandados contestaron la demanda, por separado, pero con las mismas alegaciones sustanciales, admitiendo algunos hechos, negando otros, y alegando especialmente la existencia de fraude.

La corte, después de oída la prueba en el juicio y las ale-

gaciones de las partes, dictó sentencia declarando con lugar la demanda, y condenando a los demandados al pago de la cantidad reclamada, con intereses legales y costas, inclu-yendo honorarios de abogado.

Los demandados han apelado, señalando en su alegato varios errores, que consideramos ahora.

■ Los apelantes sostienen que la sentencia en este caso fué dictada después de transcurrir más de catorce meses de la celebración de la última vista. del pleito.

No resolveremos si la circunstancia de haberse dictado la resolución en ese término puede calificarse propiamente como *error en la sentencia*. Pero encontramos que la ley que se invoca, que es la número 95, promulgada el 31 de marzo de 1919, se halla en el mismo caso que la ley número 91, sobre contrato de trabajo, de igual fecha de promulga-ción. Estas fueron leyes de una Legislatura anterior; es una de las once leyes que fueron enviadas al gobernador, y que éste no firmó y no devolvió a la Legislatura en los diez días; y la Legislatura cerró o suspendió sus sesiones enton-ces. En el caso *The Porto Rico Telephone Company* v. *The People of Porto Rico,* resuelto por la Corte de Circuito de Apelaciones para el Primer Circuito en 19 de febrero de 1931, No. 2494, interpretando y aplicando la sección 34 de nuestra Acta Orgánica, la Corte declaró que aquel acta o proyecto nunca llegó a ser ley. La que se nos cita ahora tam-poco llegó a serlo.

■ En segundo lugar se señala como error, la denegación de admisión del acta notarial de 6 de abril de 1926, por la que se dice fué requerido Francisco González Díaz para que recibiera $25 como la cantidad que le adeudaba Antero Ri-vera.

El acta no se incluye en la transcripción en forma alguna. Verdaderamente no podemos decir cuál sea su contenido; sin ella a la vista, no cabe declarar si fué, o no, errónea, la regla de la corte al denegar su admisión.

Aparte de esto, y por lo que las partes alegan, parece

que tal acta podría constituir *self serving evidence;* y de todas maneras, se trata de manifestaciones de un notario que no comparece en corte, y tales manifestaciones, en un caso de acta como la que se indica, serían evidencia de referencia.

En lo que se refiere a la prueba, que con razón llamó el juez de distrito prueba indiciaria, consistente en certificaciones del registro de la propiedad, del Tesorero de Puerto Rico, del Departamento de Sanidad, del inspector ingeniero sanitario, que se presentara por la parte demandada, ésta en apelación, señala como error el que la corte no les diera valor, o no las estimara como prueba. En el fondo, son certificaciones negativas, de las que la parte apelante extrae la deducción de que Francisco González Díaz no tenía vaquería en Carolina, y que no la tenía en 1924, 1925 y 1926.

La doctrina jurídica en cuanto a esa clase de prueba está reconocida de manera constante por los tribunales; y este Tribunal Supremo la ha consignado en el caso *Cerecedo* v. *Medina et al.,* 27 D.P.R. 821. A falta de un estatuto, la certificación negativa de un funcionario no constituirá prueba de que en los récords no aparece determinado hecho. En realidad, la prueba de que determinada persona no aparezca como dueña de una vaquería en los records oficiales de un departamento del gobierno, o no aparezca con cierta clase de bienes, no llega hasta justificar que no tuviera tales bienes o establecimiento, aunque sin cumplir con los requisitos necesarios para tenerlos legalmente.

Frente a esa prueba, la otra parte presentó la testifical, afirmativa, en el sentido de que en las fechas a que se refieren las alegaciones de este caso, tenía una vaquería y un número de vacas que producían una cantidad de leche.

Entre las dos pruebas, la corte se decidió por la de la aquí apelada, no dando crédito a la de la parte demandada. Y en esa decisión no encontramos error, ni violación de precepto alguno de la ley de evidencia.

Un extremo acerca del que se argumentó con empeño en el alegato de la parte apelante es el que se refiere a la no

intervención del demandado Chevremont en la liquidación de la cuenta entre Antero Rivera y Francisco González, y acerca de la apreciación de la prueba de este hecho.

Se presentó por el demandante una carta escrita por Luis Chevremont, constituyéndose en fiador solidario de Rivera, por la leche que le vendiera González; y además otra carta en la que Antero Rivera reconoce el saldo de su cuenta por leche entregada, siendo tal saldo de $2,456.95. Acerca de esta liquidación los demandados habían alegado la existencia de fraude, y sostenían que ella nacía de una combinación, o conspiración en la que tomó parte Felipe Sánchez Osorio, quien no es demandado, ni demandante, ni interventor en este pleito. Acerca de estos hechos declaró el demandado Antero Rivera; pero, a petición de la parte demandante su declaración fué eliminada, en lo que se refiere a hechos que pudieron ser constitutivos de una conspiración entre el testigo y Felipe Sánchez Osorio, que no era parte en el pleito. No hallamos que tal eliminación haya sido señalada como error, ni podemos decir que lo fuera.

En cuanto a la declaración del testigo Antero Rivera, la corte habló con tal claridad que no cabe tener duda de cómo la apreció. Dijo así:

"La Corte hace constar que no ha creído la declaración del demandado Antero Rivera en cuanto se refiere a la pretendida intervención de Felipe Sánchez Osorio en la carta de 27 de febrero de 1926."

Y más adelante, en la opinión se lee:

"La corte después de haber apreciado en conjunto toda la evidencia presentada por ambas partes, entiende que la preponderancia de prueba está a favor de la parte demandante, y que no ha habido prueba clara y convincente para demostrar el fraude o error alegados en este caso en relación con la cuenta de leche a que se refiere la carta antes mencionada de febrero 27 de 1926 (Exhibit B del demandante). Y la corte resuelve el conflicto de evidencia a favor de la parte demandante, siguiendo la regla establecida en el número 5 del artículo 162 de la Ley de Evidencia."

318

La lectura del récord justifica a la corte de distrito. Se ha dicho en muchas ocasiones que la prueba del fraude no puede ser tan directa y fuerte como de ordinario se requiere para otros extremos a probar; pero ella ha de ser lo suficientemente robusta y clara para que el juzgador no sienta vacilaciones àl hacer la declaración de un hecho que se halla en los linderos de los hechos criminosos. En el caso reciente *Sucesión Cayere v. Monell,* 40 D.P.R. 936, citando con aprobación el de *Ana María Sugar Co. v. Castro,* 28 D.P.R. 257 hemos dicho que el fraude debe probarse claramente por prueba robusta o por prueba fuera de duda, y que no puede ser cuestión de mera conjetura.

Esto es, en la realidad, el contenido del caso. No se probó el fraude, que se alegaba como la mejor defensa por los demandados, y la corte tuvo que inclinarse a la teoría de la demanda, y resolver de acuerdo con ésta.

No encontramos que se cometieran por la corte los errores que en el alegato de la parte apelante se señalan a la sentencia.

*Debe confirmarse la sentencia apelada.*